**Robert Lee WALKER and Otha Erline Frazier-Walker, Appellants-Petitioners,**

**v.**

**The STATE of Oklahoma et al., Appellees-Respondents.**

Nos. O–75–212–O–75–214.

Court of Criminal Appeals of Oklahoma.

May 8, 1975.

## ORDER GRANTING WRIT OF MANDAMUS AND WRIT OF PROHIBITION

Pursuant to previous order of this Court, the above styled and numbered case comes on for hearing before the Court, the Appellants-Petitioners appearing by their attorney of record, the law firm of Oyler and Smith, and the Appellees-Respondents appearing by Mr. Mike Jackson, Assistant Attorney General of the State of Oklahoma and Mr. Jeff Moorman, Assistant District Attorney of Oklahoma County, and said parties so appearing announce ready. The Court, having examined carefully the official record before the Court and having heard statements and arguments of said counsel and being fully advised in the premises, finds:

That on March 12, 1975, The Honorable Byron McFall, Special Judge, District Court in and for Oklahoma County, acting as an examining magistrate, sustained defendants' motion to suppress certain State's evidence obtained by execution of a search warrant. Under Rule 6 of the Court of Criminal Appeals the State filed its Application to Appeal from Adverse Ruling or Order of Magistrate with the Court Clerk on March 17, 1975.

After notice, the application came on for hearing before The Honorable Raymond Naifeh, Associate District Judge, on April 4, 1975; at the conclusion of which he took final disposition of the matter under advisement, and on April 10, 1975, entered and caused to be filed his final written Opinion and Order, ruling, in substance, that the magistrate was in error, vacating the order sustaining the motion to suppress and directing the magistrate to proceed and act further in the preliminary examination in accordance with the views expressed in the Opinion and Order.

Rule 6.2 requires the application "to be docketed for hearing and decision within twenty (20) days of the filing of the application." Plainly, in the instant case the said Opinion and Order was entered and filed on the 24th day following the filing of the application in the office of the Court Clerk, the twenty (20) day period having expired on April 6.

This Court finds that upon the expiration of said twenty (20) day period, the authority of the Associate District Judge to act further on the application terminated. He was without authority to enter the Opinion and Order on April 10, and therefore, it is void.

Accordingly, writ of mandamus is hereby issued, directing the Associate District Judge to vacate, set aside and hold for naught the said Opinion and Order of April 10, 1975, and dismissing the appeal from the adverse ruling of the examining magistrate.

Writ of prohibition is hereby issued to said examining magistrate, prohibiting further preliminary examinations in cases numbered CRF–74–4005, CRF–74–4007 and CRF–74–4008, although he was ordered and directed to proceed by said order of April 10, 1975. The examining magistrate is commanded to cause his records to show that the order suppressing entered on March 12, 1975, is now final and that he act accordingly.

It is so ordered.

Witness our hands, and the Seal of this Court, this 7th day of May, 1975.

TOM BRETT, P. J.
C. F. BLISS, Jr., J.
HEZ J. BUSSEY, J.