The STATE of Oklahoma, Appellant,

v.

Jerry Allen KAHLE, Appellee.

No. S–93–348.

Court of Criminal Appeals of Oklahoma.

Aug. 27, 1993.

*ORDER DENYING MOTION
TO DISMISS*

Appellee, Jerry Allen Kahle, through his attorney of record, filed a motion to dismiss appeal with this Court. According to appellee, the State should be precluded from bringing this appeal. Appellee was charged with two counts of perjury in the District Court of Kay County, Case No. CRF–93–131. At the preliminary hearing, the magistrate dismissed Count I and the State announced its intent to appeal that decision. The written application to appeal was filed by the State on October 14, 1992. The Honorable Dan Allen, Associate District Judge of Kay County was assigned to hear the appeal. The hearing was held on November 2, 1992, at the end of which, Judge Allen took the matter under advisement. The order affirming the magistrate's dismissal of the charge against appellee was not issued until November 12, 1992. Appellee contends that since the ruling of the associate district judge was more than twenty (20) days after the State's written notice of intent to appeal, that this appeal should be dismissed.

Title 22 O.S.1991, § 1089.2(C) states in pertinent part: "The Presiding Judge shall assign the application to another district judge or associate district judge ... and shall order the assigned judge to set said matter for hearing and decision within twenty (20) days from the filing of the written application to appeal." The case of *Walker v. State*, 535 P.2d 311 (Okl.Cr. 1975), holds that the district court loses its authority to rule on a Rule 6 appeal when the assigned judge fails to render a decision within twenty (20) days. The Rule 6 appeal process as used in *Walker*, was repealed by this Court in 1989, after the legislature enacted 22 O.S.1991, § 1089.1 in 1987 to allow the State to appeal adverse rulings by a magistrate. While the former Rule 6.2 and 22 O.S.1991, § 1089.2(C) are similarly worded, we find that as long as the hearing is held within the twenty (20) days and a date certain for a decision is set within the twenty (20) days, that the assigned judge is in compliance with the statute. Therefore, in as far as it is inconsistent with this order, *Walker v. State*, 535 P.2d 311 (Okl.Cr.1975), is hereby overruled.

We find that Judge Allen substantially complied with the statute by conducting the hearing on the matter within twenty (20) days of the filing of the application by the State and setting a date certain for the decision to be rendered. Although Judge Allen's decision was not handed down on that date certain, we find that in this case the State should not be precluded from proceeding with its appeal merely because the judge took the time to review the entire record before making a decision. Appellee did not object or mention the time constraints as well; as an officer of the Court,

appellee's attorney should have voiced his concerns. Therefore, the motion of appellee to dismiss this appeal is DENIED. Appellee is ordered to respond to the State's appeal within forty-five (45) days from the date of this order.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

LANE, J., dissents.

CHAPEL, J., dissents and joins Judge LANE's writing.

LANE, Judge: dissenting.

Because I believe that the order of the majority overruling *Walker v. State,* 535 P.2d 311 (Okl.Cr.1975) is not sound, I dissent. The majority reasons that when the legislature enacted 22 O.S.1991, §§ 1089.1, *et seq.,* our "Rule 6" appeal was repealed, and *Walker* no longer applies. However, when we compare the language in Rule 6.2 and Section 1089.2 they both contain the language that the matter must be "set for *hearing and decision within 20 days from the filing of the application."* It is this language that we interpreted in *Walker* to require not only the hearing but also the decision on the appeal within 20 days. Even though the legislature codified a procedure for the State to appeal from an adverse ruling of a magistrate it did not change or modify the meaning of *Walker;* but even if we ignore *Walker,* a plain reading of the language of Section 1089.2 requires the reviewing judge to give his decision within 20 days.

This interpretation also has a sound basis in the effect of the appeal on the defendant's liberty. Section 1089.2A states that when the State announces its intention to appeal the magistrate shall continue the preliminary hearing and "... retain the accused on his present bond or if he is in custody, return the accused to custody ..." At the time of the announcement of appeal the defendant has already had a judicial

ruling in his favor that could very well result in the dismissal of the charges against him. However, this statute requires him to either be under the restraint of bond or to be further incarcerated until the appeal is determined. Therefore, a time limitation is desirable to ensure that the matter will be fully resolved within a certain time limit. Today's ruling which does not limit the amount of time the judge can take the matter under advisement destroys the desirable limitation.