[L.A. No. 29984. In Bank. July 16, 1973.]

GEORGE L. VAUGHN, JR., Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

George L. Vaughn, Jr., in pro. per., and Benjamin G. Williams for Petitioner.

F. LaMar Forshee, Herbert M. Rosenthal and Christiana G. Bryson for Respondent.

**OPINION**

**THE COURT.**—Proceeding to review recommendations of the Disciplinary Board of the State Bar of California and a local administrative committee concerning attorney George L. Vaughn, Jr.

## FACTS

Vaughn was counsel for one convicted of impersonating a police officer. A new trial having been granted, retrial was set for a Monday in September 1965. When the case was called in the late afternoon, the judge asked for an estimate of trial time and Vaughn expressed hope it would consume not more than half an hour because he was scheduled to leave for a hearing in Chicago Tuesday morning, returning the same evening. However, the trial was not finished on Monday, the court continuing it to Wednesday morning without objection from Vaughn. In fact, the Chicago hearing was not scheduled for Tuesday but for the following week.

Tuesday afternoon Vaughn's secretary called the clerk of the court to ask if someone else could appear in his place on Wednesday. The clerk communicated the judge's answer: "Anyone can come into this courtroom." Tuesday night Vaughn left for Washington, D.C., to confer with government officials concerning another matter.

Vaughn had previously made arrangements for an attorney named Jackson to make appearances for him during the week. When Vaughn's secretary called Jackson, he agreed to appear on Wednesday, but she failed to advise him trial had commenced on Monday. When he appeared in court Wednesday morning, Jackson said he was prepared to argue the motion for new trial, unaware the motion had been granted and the second trial had begun. The judge continued the trial to a later date.

The municipal court found Vaughn guilty of two counts of contempt: willful misrepresentation that he was required to appear in Chicago, and willful failure to appear for trial. Judgment was affirmed in *Vaughn v. Municipal Court* (1967) 252 Cal.App.2d 348 [60 Cal.Rptr. 575].

Notice to show cause was served on Vaughn in March 1969. The local committee received extensive evidence, including Vaughn's testimony he believed the Chicago hearing was set for Tuesday when he made that representation, not learning the contrary until Monday night. He also testified he thought the court had agreed to the appearance of associate counsel for Wednesday.

The local committee found (1) Vaughn's representation that the Chicago hearing was set for Tuesday was made under mistaken belief; (2) in attempting to explain the representation, he gave false and conflicting statements intended to mislead the court; (3) he willfully disobeyed an order of the court requiring him to appear for the continuation of the trial on

Wednesday; and (4) he failed to obtain his client's consent to the association of counsel.

The local committee unanimously recommended Vaughn's suspension for one month, execution to be stayed pending probation for one year. Although the board adopted the findings, it determined Vaughn's representation concerning the hearing in Chicago to have been knowingly false and recommended a one-month suspension.

DISCUSSION

1. Chicago Hearing

Findings of the local committee and board are not binding on this court; rather, we must reweigh the evidence, passing on its sufficiency. However, since the local committee is obviously in a better position to judge the credibility of the attorney than is either this court or the board, greater weight will be given its findings. Reasonable doubt must be resolved in favor of the practitioner and, if equally reasonable inferences may be drawn from a proven fact, the inference leading to his innocence will be accepted. (*Black* v. *State Bar* (1972) 7 Cal.3d 676, 683-684 [103 Cal.Rptr. 288, 499 P.2d 968]; *Werner* v. *The State Bar* (1939) 13 Cal.2d 666, 676 [91 P.2d 881].)

In appropriate circumstances this court has given substantial weight to factual determinations by a trial court hearing the charge of misconduct prior to hearings by the local committee. (*Bernstein* v. *Committee of Bar Examiners* (1968) 69 Cal.2d 90, 103-104 [70 Cal.Rptr. 106, 443 P.2d 570].) However, direct contempt is usually a hastened proceeding intended to secure compliance with a court order (*Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 409 [42 Cal.Rptr. 441, 398 P.2d 777]) and, in light of its summary nature and the dual role occupied by the judge, we are hesitant to depart from primary reliance on the findings of a local committee.

In support of the committee's finding of mistaken belief, there does not appear to have been any substantial motive for Vaughn to have lied when he first stated he was due in Chicago on Tuesday, and we accept the committee's determination.

2. Continuance to Wednesday

Vaughn claims his failure to appear for trial on Wednesday was justified because he arranged for the appearance of another attorney.

Such association of counsel is proper and need not be effected

formally, but it also presupposes the duty of the attorney of record to prepare his associate for the proceedings.

The continuance to Wednesday required the presence of counsel prepared to proceed to trial; Vaughn's associate was not. Thus, the question is not whether he "willfully" disobeyed an order of the court, having arranged for other counsel to appear (cf. *Inniss* v. *Municipal Court* (1965) 62 Cal.2d 487, 491 [42 Cal.Rptr. 594, 399 P.2d 50] (contempt order annulled where the petitioner arranged for associate counsel to appear)), but rather whether he breached his duty to prepare associate counsel for the trial. ▮▮▮ The record warrants the conclusion that asserted urgency for the trip to Washington did not excuse petitioner's failure to take the simple steps necessary to assure his colleague's awareness of the status of the proceedings, enabling him to proceed in an informed manner.

### 3. Explanations of the Representation

At his first contempt hearing, Vaughn testified that, after court proceedings on Monday, he spoke with *opposing* counsel in the Chicago case; whereas at the second hearing he testified he spoke with *associate* counsel in the case. While trifling, it is true that Vaughn failed to explain the discrepancy, making it reasonable to adopt the finding of the committee and the board that he gave false information intended to mislead the court.

### 4. Client's Consent

The finding Vaughn did not obtain his client's consent to the association of Jackson is not supported by the record.

### 5. Delay

Vaughn claims the Bar should cease further proceedings in light of the four-year delay between the alleged acts and the issuance of notice to show cause. ▮▮▮ Rules 21(a) and 34 of the Rules of Procedure of the State Bar reflect a policy favoring speedy determination of complaints of misconduct, but compliance is not jurisdictional and violation of the time limitations does not require dismissal in the absence of prejudice. (*Mrakich* v. *State Bar* (1973) 8 Cal.3d 896, 906 [106 Cal.Rptr. 497, 506 P.2d 633]; *Reznik* v. *State Bar* (1969) 1 Cal.3d 198, 204 [81 Cal. Rptr. 769, 460 P.2d 969, 40 A.L.R.3d 161]; *Arden* v. *State Bar* (1959) 52 Cal.2d 310, 316 [341 P.2d 6].) The only prejudice claimed by Vaughn, failure of the clerk of the court to recall the exact words used

in the Tuesday telephone conversation, hardly compels dismissal of the proceedings.

█ However, while the delay in the proceedings does not warrant dismissal, it is a factor to be considered in the disposition. █ In *Arden* v. *State Bar, supra,* this court held the pendency of disciplinary proceedings for a period exceeding three years is in itself an ordeal warranting mitigation of punishment. Therefore, we reject the board's recommendation of a one-month suspension of Vaughn.

### DISPOSITION

It is ordered George L. Vaughn, Jr., be reproved by publication of this opinion.