387 So.2d 1137 (1980)
LOUISIANA STATE BAR ASSOCIATION
v.
Robert D. EDWARDS.
No. 60211.
Supreme Court of Louisiana.
June 23, 1980.
On Rehearing September 10, 1980.
Thomas O. Collins, Jr., Executive Counsel, New Orleans, Harold J. Lamy, New Orleans, Roland J. Achee, Shreveport, Wood Brown, III, New Orleans, Sam J. D'Amico, Baton Rouge, Leonard Fuhrer, Alexandria, Edgar H. Lancaster, Jr., Tallulah, Alfred S. Landry, New Iberia, A. Russell Roberts, Metainie, John B. Scofield, Lake Charles, for applicant, Louisiana State Bar Ass'n.
Milton P. Masinter, New Orleans, for respondent.

*1138 DISCIPLINARY PROCEEDING
DENNIS, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, brought this disciplinary proceeding against one of its members, Robert D. Edwards. We conclude that Edwards violated the Code of Professional Responsibility by perpetrating fraud on a court and must be publicly reprimanded. A more severe penalty would have been imposed but for the undue delay in the prosecution of this proceeding and Edwards' lengthy suspension for a contemporaneous, although unrelated, violation.
The Commissioner found the following facts: Respondent is Robert D. Edwards, a member of the Louisiana State Bar Association. For some time prior to November 1, 1970, respondent represented Jack H. Dowell in various matters, one of which was a domestic dispute with his wife. In the course of this representation, respondent counseled Mr. Dowell as regards certain property owned by him to execute a mortgage note and mortgage so as to encumber his real property, in order to prevent Mr. Dowell's wife from making a claim for equity thereon. At the time respondent knew that the transaction was a simulation and he knew that its sole purpose was to deceive Mrs. Dowell. Therefore, respondent obtained the said mortgage note from Mr. Dowell and instituted foreclosure proceedings thereon, ultimately taking same to a sheriff's foreclosure sale wherein he bid the property in the name of another client, Mr. L. C. McCarthy. At the time of this foreclosure sale, or thereabouts (the date thereof being unclear in the record) respondent caused the execution by Mr. McCarthy of a "counter letter" acknowledging that the property which was the subject of the sale was in reality the property of Mr. Dowell. Therefore, allegedly on or about April 27, 1970, without valid consideration, respondent caused the execution of an act of cash sale from Mr. McCarthy to Mr. Dowell, which said act of cash sale was not recorded promptly. The act of sale was not recorded until after the death of Mr. McCarthy. The above acts were performed by respondent only for the purpose of depriving Mr. Dowell's wife of rights she may have had to the property which was the subject of the above series of transactions.
From his findings, the Commissioner concluded that Edwards' conduct constituted (1) the filing of a suit "merely to harass or maliciously injure another," a violation of DR 7-102(A)(1); and (2) the counseling and assisting of his client in "conduct that the lawyer knows to be illegal or fraudulent," a violation of DR 7-107(A)(7). The Commissioner recommended against the respondent's disbarment, but did not make any other specific recommendation as to the appropriate discipline. The Committee on Professional Responsibility instituted this suit for the disbarment or suspension of the respondent.
There is warrant in the record for each of the Commissioner's findings of fact except for his determination that respondent acted with an intent to deprive Mr. Dowell's wife of rights she may have had in the immovable property mortgaged and foreclosed upon. The undisputed evidence indicates that the property was Mr. Dowell's separate property in which his wife had no interest, and that the simulated transactions were made only because she had threatened to file suit claiming an interest purely to harass her husband. Accordingly, there is no basis for the Commissioner's conclusions that respondent violated DR 7-102(A)(1) and (2). The foreclosure suit was not filed to harass or maliciously injure Mr. Dowell's wife. The conduct which respondent counseled and aided was neither illegal nor in fraud of the wife's rights in view of the evidence of record which shows that she had no interest in the property.
Respondent Edwards was guilty of other violations of the Code of Professional Responsibility, however. By misusing the court in a sham foreclosure suit, respondent perpetrated a fraud upon a tribunal, DR 7-102(A)(8), knowingly created and used false evidence, DR 7-102(A)(4) and (6), and *1139 knowingly made a false statement of fact, DR 7-102(A)(5). Furthermore, his conduct involved dishonesty, deceit and misrepresentation, DR 1-102(A)(4), and was prejudicial to the administration of justice. DR 1-102(A). Respondent was fairly put on notice of these charges by the Committee's specifications and given an adequate opportunity to defend against them.
Respondent's violations are serious and cannot be treated lightly. Under the circumstances of this case, however, we conclude that disbarment or suspension is not justified.
On April 30, 1970, shortly after respondent had handled the transactions at issue herein, he was indicted for receiving stolen vehicles. Following his nolo contendere plea, respondent was sentenced on October 13, 1971 to three years' imprisonment. Immediately thereafter, respondent was suspended from the practice of law on October 27, 1971. This suspension remained in effect until the order was rescinded on March 1, 1973. Respondent began serving his prison sentence on November 15, 1971 and was released on October 16, 1972. Respondent was suspended from the practice of law for an additional two years by a decision of this Court rendered November 3, 1975. Louisiana State Bar Assn. v. Edwards, 322 So.2d 123 (La.1975). As a result of his conviction and sentence, respondent was effectively suspended from the practice of law for approximately forty months.
Respondent moved to dismiss the proceedings contending that the disciplinary action had prescribed and that the committee had been guilty of laches. This Court denied the motion and referred the defenses urged therein to the merits. We now reject the defenses insofar as they seek to defeat disciplinary action. This Court has not promulgated any rules of prescription applicable to disciplinary proceedings. See Louisiana State Bar Assn. v. Loridans, 338 So.2d 1338 (La.1976); Louisiana State Bar Assn. v. Theard, 62 So.2d 501 (La.1952). The doctrine of laches cannot be invoked to prevent disciplinary action unless the respondent has been prejudiced in his defense by the delay. See Louisiana State Bar Assn. v. Theard, supra. Respondent in this case was not prejudiced in defending against the charges upon which we find violations.
Although the prosecution of this complaint is not barred by laches, the lengthy and unwarranted delay between the time the complaint was filed (October 1, 1973) and the suit was instituted in this Court (August 5, 1977) warrants mitigation of the punishment. This delay of almost four years is aggravated by the elapse of approximately three years between the attorney's misconduct and a complaint to the bar association. A further delay of over two and one-half years occurred between the filing of suit and the filing of the Commissioner's report. Thus, if the penalty here is to suit the offense, we must take into consideration that respondent's violation occurred approximately ten years ago.
Justice and professional responsibility demand that the Committee promptly and diligently prosecute each disciplinary action worthy of pursuit. Lengthy delays contribute to the loss of evidence and hinder a just determination of appropriate discipline. The disbarment or discipline of an attorney long after his misconduct has occurred does not have a salutary effect on other members of the bar; nor does it serve well to preserve the integrity of the courtstwo considerations which lie as the basis for attorney discipline. Louisiana State Bar Assn. v. Shaheen, 338 So.2d 1347 (La.1976); Louisiana State Bar Assn. v. Gremillion, 320 So.2d 171 (La.1975).
The responsibility for expeditious hearings on complaints lies with the Committee. Inordinate delays are unfair and unjust to the accused attorney and create an ordeal in themselves which serves as a punishment for a disciplinary infraction. See The Florida Bar v. Papy, 358 So.2d 4 (Fla.1978); Vaughn v. State Bar, 9 Cal.3d 698, 108 Cal.Rptr. 806, 511 P.2d 1158 (1973); In Re Zussman, 86 Ariz. 272, 344 P.2d 1021 (1959). As the Supreme Court of Florida observed:
"[Y]ears of exposure to public scrutiny and criticism supplemented by clear evidence of rehabilitation, justify a terminal *1140 penalty that otherwise perhaps would be considered inadequate. [citations omitted]. During this unduly long period of investigation and prosecution, the accused lawyer is left roaming through the fields of Limbo where dwelt what Dante called `the praiseless and the blameless dead.'" The Florida Bar v. Randolph, 238 So.2d 635 (Fla.1970).
The penalty in this case will be imposed some ten years after the attorney's misdeeds and seven years following the filing of the complaint. It will also follow his previous suspension of almost four years for a separate violation that occurred at about the same time as the infraction at issue in this case. The Committee's delay in the prosecution of this case was unwarranted. We find its argument that it should not be required to proceed against a suspended attorney for additional violations until he resumes the practice of law to be meritlessnothing in the Code of Professional Responsibility or the rules for disciplinary procedure prevented the Committee from taking up this complaint sooner.
We find that the Committee's delay has of itself operated to punish this attorney, who has been subjected to years of public scrutiny, censure, and suspension in connection with two violations of the Code occurring over ten years ago. Accordingly, we conclude that disbarment or further suspension is inappropriate and that ends of justice and professional responsibility will be served in this case by publicly reprimanding the attorney for his violations of the Code of Professional Responsibility.

Decree
For the reasons assigned, it is ordered, adjudged and decreed that Robert Douglas Edwards be publicly reprimanded for his violations of the Code of Professional Responsibility as set forth in this opinion.

ON APPLICATION FOR REHEARING
PER CURIAM.
Petitioner's application for a rehearing is granted solely for the purpose of assessing the costs of these proceedings to the respondent Edwards. The respondent was reprimanded and not the Association. Accordingly, all costs are assessed to respondent, but petitioner's application for a rehearing is rejected in all other respects.