[No. S008386. Nov. 16, 1989.]

CHRISTOPHER M. MATTHEW, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Mitchell & Mangione and John A. Mitchell for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., and Major Williams, Jr., for Respondent.

## OPINION

**THE COURT.**—This is a proceeding to review the recommendation of the Review Department of the State Bar Court that petitioner, Christopher M. Matthew, be suspended from the practice of law for a period of three years; that execution of the order of suspension be stayed; and that he be placed on probation for that period subject to certain conditions.[1] We notified petitioner that we were considering the imposition of 60 days' actual suspension as a condition of probation, and he then filed a petition for a writ of review.

Petitioner requests that we adopt in full the recommendation of the review department and contends that an actual suspension from the practice of law would be punitive.

Petitioner was admitted to practice in California in 1980. Although he has at various times affiliated with other counsel and has served as in-house counsel, petitioner has essentially been a sole practitioner. He has no record of prior discipline.

### 1. The Bowen Matter

On January 10, 1983, petitioner was retained by Jean Bowen to represent her in a real estate fraud matter. He had no special expertise, but required a nonrefundable retainer to ensure that his client would "work with him on the case." Petitioner's fee agreement provided for a retainer of $5,000 with a $10,000 "ceiling." He was to bill for his time at the rate of $70 per hour until the bill reached $5,000. Petitioner represented Bowen for approximately seven months. During that time she paid petitioner $6,000 for services plus $403.50 for costs. Petitioner kept no time records and provided no billing statements, but estimated he spent 32 to 40 hours working on Bowen's matter.

On April 14, 1983, petitioner filed a verified complaint on Bowen's behalf but was unable to have it served. On May 18, 1983, petitioner advised

---

[1] The department imposed conditions of probation that petitioner: (1) refund $3,760 in unearned fees to client Bowen; (2) refund $633.56 in unearned fees to clients Nelsons; (3) take and pass the Professional Responsibility Examination; (4) report to a probation monitor; and (5) comply with all provisions of the State Bar Act and Rules of Professional Conduct during probation.

Bowen of his inability to serve the complaint, and met with her in June 1983. Petitioner thereafter ceased communication with Bowen. Bowen repeatedly attempted to communicate with petitioner, but was unsuccessful. On October 21, 1983, Bowen wrote to petitioner requesting her file and return of unearned fees. Petitioner refused Bowen's requests.

On January 9, 1984, attorney Michael Bergner notified petitioner that he represented Bowen. Approximately one month later, petitioner released Bowen's file to Bergner, but did not return the unearned fees. Bowen requested arbitration of the fee dispute; although petitioner was notified of the time and place of the hearing, he neither submitted a statement of facts nor appeared. Bowen was awarded $6,000. The award was nonbinding. Petitioner has not paid Bowen.

Petitioner performed a portion of the services for which he was retained. However, he failed to account for or return any part of the fees paid to him by Bowen. The hearing panel found that petitioner was entitled to a reasonable fee of $2,240 (32 hours at $70 per hour) plus expenses of $403.50. It found that petitioner willfully violated his oath and duties as an attorney under Business and Professions Code sections 6103, 6067 and 6068, and violated former rules 2-111(A)(3) and 8-101(B)(4) of the Rules of Professional Conduct of the State Bar[2] by refusing to return unearned fees.

## 2. *The Sladwick Matter*

On May 11, 1983, Harry and Linda Sladwick retained petitioner to prepare a living trust. The Sladwicks paid petitioner his fee for preparation of the trust in full on August 8, 1983. On October 23, 1984, after numerous unsuccessful attempts to contact petitioner, the Sladwicks wrote to request a refund since petitioner had failed to complete the living trust. Petitioner did not return any of the Sladwicks' calls or refund his unearned fee. Petitioner again kept no time records, and provided no billing statements. Two and one-half years later, on January 24, 1986, after the Sladwicks had complained to the State Bar, petitioner represented to the State Bar that he would complete the trust within thirty days. On February 26, 1986, petitioner wrote the Sladwicks requesting additional information for preparation of the trust. On August 11, 1987, the day before the hearing panel was to hold a hearing on this matter, and over four years after the Sladwicks retained petitioner, he completed the trust.

The hearing panel found that petitioner, by failing to diligently discharge his duty, had again willfully violated Business and Professions Code sec-

[2] New Rules of Professional Conduct became operative on May 27, 1989; all references to rules refer to the former Rules of Professional Conduct of the State Bar of California.

tions 6103, 6067 and 6068 and violated former rule 6-101(A) [failure to perform legal services competently].

3. *The Nelson Matter*

Bernice and Bazel Nelson retained petitioner on April 6, 1984, to research a possible fraud cause of action by them against a solar energy company. The fee agreement provided for a $1,000 "non-refundable" retainer. Petitioner received payments totalling $900. In April 1984, Bernice Nelson informed petitioner of lawsuits pending against the same solar company in the federal district court. She also expressed concern regarding the running of the statute of limitations.

Petitioner did not obtain copies of the court files in the related federal cases until October 29, 1984. Petitioner never made a determination as to when the statute of limitations would run. From August 1984 until April 1985, the Nelsons were unable to contact petitioner more than once. Petitioner admitted that he was not diligent in this matter and that he was unable to work on the matter in a timely fashion due to his caseload. He stated that he did not return the Nelsons' phone calls because he had no new information to give them.

The Nelsons terminated petitioner's services in April 1985. Petitioner again kept no time records or research notes regarding the case, nor provided any billing statements to his clients. He failed to perform the service for which he was retained in that he was never in a position to advise the Nelsons as to whether they had a viable lawsuit. Petitioner also refused to return unearned fees to the Nelsons.

The hearing panel found that petitioner, by refusing to return an unearned fee, and accepting employment and continuing to represent a client in a matter in which he did not have sufficient time to perform with competence, again willfully violated Business and Professions Code sections 6103, 6067, and 6068, and former rules 2-111(A)(3), 8-101(B)(4) and 6-101(A).

After the hearing panel made its findings and conclusions, the State Bar filed a motion for reconsideration. The hearing panel granted the motion only to clarify the conditions of probation.[3]

The review department adopted the findings and conclusions of the hearing panel by a vote of six to five.

---

[3] The grounds for the State Bar's request for review of the hearing panel's findings and conclusions were that: (1) the discipline was insufficient; (2) the record regarding petitioner's acts supported a finding of moral turpitude; and (3) the decision should be modified to clarify the conditions of probation.

■ Petitioner does not challenge the sufficiency of the evidence, and concedes his wrongdoing in the three separate matters. He argues, however, that we should adopt the recommendation of the State Bar as to discipline, and that any period of actual suspension would be excessive. Petitioner argues that he "made three isolated mistakes early in his sole practice," that there was no finding of intent to deceive, and that there is no indication that his misconduct will recur. He argues that any period of actual suspension would be punitive in nature. He contends our interest in protection of the public, the bench and the bar will be properly served by supervised probation, and urges this court to adopt in full the recommendation of the department.

The State Bar, on the other hand, points out that it imposed the minimum discipline available pursuant to the Standards for Attorney Sanctions for Professional Misconduct (Rules Proc. of State Bar, div. V).[4] Although neither the hearing panel nor the review department made a finding of aggravating circumstances, the State Bar argues that petitioner's misconduct involved aggravating circumstances as defined by standard 1.2. The State Bar submits that "this Court may find that the proposed discipline is inadequate to prevent the probable recurrence of misconduct."

■ While we give great weight both to the review department's disciplinary recommendation (*In re Severo* (1986) 41 Cal.3d 493, 500 [224 Cal.Rptr. 106, 714 P.2d 1244]) and the hearing panel's factual findings (*In re Kreamer* (1975) 14 Cal.3d 524, 532, fn. 5 [121 Cal.Rptr. 600, 535 P.2d 728]), we review the record and exercise our independent judgment in determining the appropriate discipline to be imposed (*Greenbaum* v. *State Bar* (1987) 43 Cal.3d 543, 500 [237 Cal.Rptr. 168, 736 P.2d 754]; *In re Chira* (1986) 42 Cal.3d 904, 909 [231 Cal.Rptr. 560, 727 P.2d 753]). ■ There is no fixed formula guiding our determination of the appropriate discipline. (*Alberton* v. *State Bar* (1984) 37 Cal.3d 1, 14 [206 Cal.Rptr. 373, 686 P.2d 1177].) " 'Our principal concern is always the protection of the public, the preservation of confidence in the legal profession, and the maintenance of the highest possible professional standard for attorneys.' [Citation omitted.]" (*Chefsky* v. *State Bar* (1984) 36 Cal.3d 116, 132 [202 Cal.Rptr. 349, 680 P.2d 82].)

■ It is settled that an attorney's inattention to the needs of clients and failure to communicate with clients are grounds for discipline. (*Van Sloten*

---

[4] Standard 2.4 calls for disbarment of an attorney who engages in a pattern of willfully failing to perform services, and for suspension or reproval for one who does *not* engage in such a pattern but otherwise fails to perform services for which he was retained. Standard 2.6 provides for disbarment or suspension of an attorney who violates section 6103 or certain other sections of the Business and Professions Code.

All references to standards refer to the Standards for Attorney Sanctions for Professional Misconduct.

v. *State Bar* (1989) 48 Cal.3d 921, 932 [258 Cal.Rptr. 235, 771 P.2d 1323]; *Kapelus* v. *State Bar* (1987) 44 Cal.3d 179, 188 [242 Cal.Rptr. 196, 745 P.2d 917].) Such a failure is a breach of the duty owed by an attorney to each client. (*Van Sloten* v. *State Bar, supra,* 48 Cal.3d at p. 932.) ■ It is also a ground for discipline when an attorney accepts compensation for legal services but fails to perform them. (*McMorris* v. *State Bar* (1981) 29 Cal.3d 96, 99 [196 Cal.Rptr. 841, 672 P.2d 431]; *Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 978 [126 Cal.Rptr. 801, 544 P.2d 937].)

We have considered abandonment of clients and retention of unearned fees as serious misconduct warranting periods of actual suspension, and in cases of habitual misconduct, disbarment. (See *Martin* v. *State Bar* (1978) 20 Cal.3d 717 [144 Cal.Rptr. 214, 575 P.2d 757] [six instances of abandonment, one-year actual suspension]; *Lester* v. *State Bar* (1976) 17 Cal.3d 547 [131 Cal.Rptr. 225, 551 P.2d 841] [four instances of abandonment, six months' actual suspension]; *Farnham* v. *State Bar* (1988) 47 Cal.3d 429 [253 Cal.Rptr. 249, 763 P.2d 1339] [seven instances of misconduct, with prior disciplinary record, disbarment]; *McMorris* v. *State Bar* (1983) 35 Cal.3d 77 [196 Cal.Rptr. 841, 672 P.2d 431] [habitual misconduct with prior discipline, disbarment].) **(1b)** While petitioner's misconduct cannot be characterized as habitual, it was not a single isolated incident which would warrant supervised probation but no actual suspension. (Compare *Van Sloten* v. *State Bar, supra,* 48 Cal.3d 921, 933-934; *Stuart* v. *State Bar* (1985) 40 Cal.3d 838 [221 Cal.Rptr. 557, 710 P.2d 357].) Petitioner's misconduct was not trivial; his clients suffered financial and other harm as a result of his tardiness and refusal to return unearned fees. This is an aggravating factor under standard 1.2(b)(iii).

Petitioner's misconduct was also aggravated by his "demonstrated indifference toward rectification of or an atonement for the consequences of his . . . misconduct." (See std. 1.2(b)(v).) Even at this late date he has not returned the unearned fees to his clients. He also showed his indifference by failing either to submit a statement of facts or to attend the arbitration hearing concerning the unearned fees in the Bowen matter.

■ Petitioner maintains that his youth and inexperience are mitigating factors. While these might be a reason for milder discipline in some cases (see 1 Witkin, Cal. Procedure (3d ed. 1985) Attorneys, § 471 p. 519; 7 Am.Jur.2d, Attorneys at Law, §§ 52, 59, pp. 111, 118; *Crawford* v. *State Bar* (1960) 54 Cal.2d 659, 669 [7 Cal.Rptr. 746, 355 P.2d 490]), where multiple instances of misconduct have occurred and the practitioner whose experience has now ripened has still not cured the harm to his clients, our

duty to protect the public must overcome our sympathy with the mistakes of inexperience.

Petitioner also urges in mitigation that he has no prior record of discipline. We have recently explained that prior exemplary conduct and a distinguished career may demonstrate that misconduct is not likely to recur, making a less severe discipline adequate to protect the public. (*Cooper* v. *State Bar* (1987) 43 Cal.3d 1016, 1029 [239 Cal.Rptr. 709, 741 P.2d 206].) But when, as here, an attorney has been in practice only a brief time when he begins to engage in misconduct, the absence of prior discipline has little predictive value. Accordingly, in the case of a brief career, the lack of a prior disciplinary record is not a weighty mitigating factor. (*Ridge* v. *State Bar* (1989) 47 Cal.3d 952, 963-964 [254 Cal.Rptr. 803, 766 P.2d 569].)

■■■ After considering petitioner's acts of misconduct, and balancing mitigating and aggravating circumstances (std. 1.6), we find the department's recommendation inadequate. We are not convinced that a period of probation with no actual suspension is adequate to ensure "the protection of the public, the courts and the legal profession" and "the maintenance of high professional standards by attorneys and the preservation of public confidence in the legal profession." (Std. 1.3.) Hence we impose 60 days' actual suspension as a condition of probation.

It is hereby ordered that Christopher M. Matthew be suspended from the practice of law for a period of three years, and that execution of the order of suspension be stayed and he be placed on probation for three years upon the conditions that he: (1) be actually suspended from the practice of law for the first sixty days of the period of probation; (2) refund $3,760 in unearned fees, plus the legal rate of interest from the time he received the fee until the date of refund, to Jean Bowen within one hundred eighty days of the finality of this opinion; (3) refund $633.56 in unearned fees, plus the legal rate of interest from the time he received the fee until the date of refund, to Bernice and Bazel Nelson within one hundred eighty days of the finality of this opinion; (4) take and pass the Professional Responsibility Examination within one year of the finality of this opinion; (5) be referred to the Department of Probation of the State Bar Court for assignment of a probation monitor referee and cooperate with the referee as provided in the State Bar

Court resolution in this matter dated March 7, 1988; (6) comply with the provisions of the State Bar Act and Rules of Professional Conduct of the State Bar of California. This order is effective upon the finality of this opinion in this court. (See Cal. Rules of Court, rule 24(a).)