[Crim. No. 22663. First Dist., Div. Four. Apr. 23, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD JOHN LAUE, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Gloria F. DeHart and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Appellant.

Eleanor M. Kraft for Defendant and Respondent.

OPINION

**CALDECOTT, P. J.**—The People of the State of California appeal from the trial court's order modifying the sentence of respondent Richard J. Laue, aka Matheson (hereafter defendant), following resentencing conducted pursuant to Penal Code section 1170, subdivision (d).[1] Defendant had been sentenced to five years in state prison following a plea of guilty. The modification reduced the sentence to four years.

Following an oral communication between the judge and counsel for the defendant, to which the prosecutor was not privy, the sentencing court on October 6, 1980, requested the Department of Corrections to consider a recommendation to recall defendant's sentence pursuant to section 1170, subdivision (d).[2] The trial court's request was predicated upon a psychological evaluation dated December 14, 1978, a copy of

---

[1] Unless otherwise indicated, all further references will be made to the Penal Code.

[2] Penal Code section 1170, subdivision (d) provides in relevant part: "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison and has been committed to the custody of the Director of Corrections, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the Director of Corrections or the Board of Prison Terms, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

which was in the court's possession. The court sent a copy of its request to the office of the district attorney. In response to the court's request, the Department of Corrections initiated an evaluation of defendant and in a letter dated October 21, 1980, notified thereof both the sentencing court and the district attorney's office. Based upon a detailed report prepared by the California Medical Facility at Vacaville, the Director of the Department of Corrections recommended on December 3, 1980, that defendant be returned to the court for resentencing. This report was not sent to either the district attorney or defense counsel.

On January 8, 1981, the sentencing court issued an ex parte order in which defendant's commitment was recalled pursuant to section 1170, subdivision (d), and the resentencing hearing was set for January 28, 1981. While the prosecutor appeared at the resentencing hearing, he claimed that he was unaware of the proceeding to recall until the day before the hearing and that the whole procedure was illegal due to the fact that the previous oral communication between defense counsel and the judge had taken place without notice to the prosecution and an opportunity to be heard. The sentencing court immediately offered the prosecutor a continuance in order to have an opportunity to review the evaluation report. The prosecutor refused the offer and requested that the court disqualify itself. The court denied the request for disqualification and again offered a continuance which the prosecutor refused once more. Thereafter, the court, based on the report received from the Department of Corrections, resentenced defendant by reducing the original term of five years to a total of four years. In view of the fact that defendant had completed his time for the reduced term, he was released on parole. The appeal at bench has been taken from the letter orders.

It is appellant's contention on appeal that the prosecution should have been given a notice and opportunity to be heard before the judge requested the Department of Corrections to consider a motion to recall the sentence and that the ex parte communication between defense counsel and judge violated both the statute and the precepts of procedural due process rendering the resentencing null and void.

■ (a) *No statutory violations occurred:* Appellant's contention that the ex parte communication in dispute violated statutory provisions is predicated upon sections 1204 and 1170, subdivision (d) and rule 7-108 (B) of Rules of Professional Conduct of the State Bar of California. (Rules of Professional Standards.) We shall consider each of these contentions.

Section 1204 provides in part that "No affidavit or testimony, or representation of any kind, verbal or written, can be offered to or received by the court, or a judge thereof, in aggravation or mitigation of the punishment, except ... [certain specified reports or testimony]." It is clear upon a reading of the two sections (1170, subd. (d) and 1204) that the limitation of section 1204 was not intended to apply in a section 1170, subdivision (d) proceeding. Section 1204 specifies the only communications that can be offered to or received by the court at the sentencing hearing, while section 1170, subdivision (d) applies to a defendant who has already been sentenced to state prison and has been committed to the custody of the Director of Corrections.

■ Appellant's additional claim that the communication in question somehow violated section 1170, subdivision (d), is even less meritorious. The cases interpreting the section specify that the power to recall a prior commitment or sentence is bestowed upon the trial court and the Department of Corrections. While the trial court's jurisdiction to recall the sentence on its own motion is limited to 120 days after the commitment, the Director of the Department of Corrections retains the power to request a recall indefinitely. If and when the director does request a recall, the trial court is authorized to order such recall and after reviewing the underlying situation may resentence the defendant. (*People* v. *Calhoun* (1977) 72 Cal.App.3d 494 [140 Cal.Rptr. 225].) It is clear, however, that the defendant is not empowered to make a motion to recall under either sections 1168 or 1170, subdivision (d). (Cf. *People* v. *Niren* (1978) 76 Cal.App.3d 850 [143 Cal.Rptr. 130].) The only way for the defendant to initiate a procedure to recall is indirect. Since he has no standing to make a motion to recall under section 1170, subdivision (d), he should ask the judge to request that the Department of · Corrections prepare a diagnostic study recommending a recall. (Cal. Dept. of Corrections, Classification Manual, § 3104(c)(4)-(5); Cal. Criminal Practice (Cont.Ed.Bar Supp. 1980) § 23.49L, p. 508.)

■ Appellant further relies on the Rules of Professional Standards. While the cases state that ex parte contacts between the court and counsel are ill-advised (*In re Jonathan S.* (1979) 88 Cal.App.3d 468, 471 [151 Cal.Rptr. 810]) such contacts and communications are held prejudicial only if they relate to the merit of a disputed matter. This is codified in rule 7-108 (B) of Professional Standards, which provides in pertinent portion that "A member of the State Bar shall not directly or indirectly, in the absence of opposing counsel, communicate with or argue to a judge or judicial officer, upon the merits of a contested matter

pending before such judge or judicial officer, except in open court." The question thus presented is whether at the time the defense attorney communicated with the judge, "a contested matter was pending before such judge." The record shows that the judgment in the case was final, there was nothing before the judge to be decided and the 1170, subdivision (d) proceeding had not yet been commenced. Thus, a contested matter was not pending. Furthermore, defense attorney's request is not a matter to be heard in open court, nor is it entitled to be placed on the calendar. The defense attorney's request is not part of the 1170, subdivision (d) proceedings. The attorney cannot file an application, petition, motion or any pleading to commence the proceeding and the judge need not make any decision or disposition of the request. At the time of the defense attorney's request there was nothing before the court, thus rule 7-108 (B) was not violated.

■ (b) *The procedure did not violate due process:* Appellant's second prong of argument that its due process rights were violated because the prosecution did not receive adequate notice of the proceedings and was not given opportunity to be heard, is flatly refuted by the record. Contrary to appellant's contention, it is demonstrated that the prosecution was notified once the proceeding was commenced and in fact was present at all the important stages of the proceedings.

While the prosecution did not receive the psychological report prior to the resentencing hearing, at the January 28, 1981, hearing the prosecutor was again present and was afforded the opportunity at least on two occasions to seek continuance in order to review the psychological report and present rebuttal evidence. Since the due process requires only reasonable notice and an opportunity to be heard, the prosecutor's voluntary refusal to avail himself of the opportunity most certainly fails to constitute a deprivation of due process.

■ Appellant's insistence that despite the foregoing facts showing that the prosecution was given notice and opportunity to be heard in each and every essential phase of the proceedings due process violation occurred because the judge submitted his request to initiate a recall procedure with the Department of Corrections without affording the district attorney an opportunity to advance contrary argument, must fail for the plain reason that procedural due process requires notice and hearing only *in essential matters.* As the court stated in *People v. Sahagun* (1979) 89 Cal.App.3d 1, 25 [152 Cal.Rptr. 233], the basic and fundamental rights to a fair trial include "the right to be present *during*

*all important stages* of the proceedings." (Italics added.) As pointed out earlier, the resentencing of the defendant here rested upon evidence received at the resentencing hearing and the initiation of the procedure to recall the commitment constituted but an incidental, preliminary stage which did not directly and materially affect the prosecution's right. As a consequence, no due process violation occurred (*People* v. *Sahagun, supra*), and even if it did, it was harmless beyond a reasonable doubt. (*People* v. *Sauer* (1945) 67 Cal.App.2d 664, 672-673 [155 P.2d 55]; see also, *In re Jonathan S., supra*, 88 Cal.App.3d 468 at p. 472; *In re Hancock* (1977) 67 Cal.App.3d 943, 948 [136 Cal.Rptr. 901].)

We observe in passing that all the cases cited by the People (i.e., *In re Winnetka V.* (1980) 28 Cal.3d 587 [169 Cal.Rptr. 713, 620 P.2d 163]; *Heavey* v. *State Bar* (1976) 17 Cal.3d 553 [131 Cal.Rptr. 406, 551 P.2d 1238]; *In re Calhoun* (1976) 17 Cal.3d 75 [130 Cal.Rptr. 139, 549 P.2d 1235]; *In re Jonathan S., supra*, 88 Cal.App.3d 468; *In re Hancock, supra*, 67 Cal.App.3d 943) are distinguishable from the present instance inasmuch as they all (unlike the case at bench) included ex parte communications on the *merits* of the dispute.

Appellant's last contention that the trial judge erred in refusing to disqualify himself is subject to summary disposition. The record indisputably shows that while the prosecutor moved to disqualify the judge he failed to comply with the requirements of Code of Civil Procedure sections 170 and 170.6, calling for a submission of statements either orally under oath or by written affidavit.

The order is affirmed.

Christian, J., and Poché, J., concurred.

A petition for a rehearing was denied May 19, 1982.