Filed 5/5/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO MAGANA,<br><br>    Defendant and Appellant. | H048353<br>(Santa Clara County<br>Super. Ct. No. CC324083) |

In 2019, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court of potential errors in the 2007 abstracts of judgment for defendant Francisco Magana. When the matter was calendared, defendant asked the trial court to conduct a full resentencing hearing. The trial court corrected the clerical errors in the abstract, but it denied defendant's motion for a full resentencing hearing.

Defendant appeals, contending that the trial court effectively recalled his sentence pursuant to Penal Code section 1170, subdivision (d)(1),[1] and that he was therefore entitled to a full resentencing hearing. As we shall explain, the record does not support defendant's assertion that the CDCR requested his sentence be recalled, and the trial court specifically indicated it was not recalling defendant's sentence. Further, because the trial court had no jurisdiction to recall defendant's sentence, the order denying defendant's motion for a full resentencing hearing was not an appealable order. We will therefore dismiss the appeal.

---

[1] Unspecified section references are to the Penal Code.

## I.    BACKGROUND

In 2005, defendant was convicted of first degree murder (§ 187, subd. (a)) and possession of a firearm by a felon (former § 12021, subd. (a)(1)).  The jury found that in the commission of the murder, defendant had personally and intentionally discharged a firearm, causing death (§ 12022.53, subd. (d)), and that defendant had served four prior prison terms (former § 667.5, subd. (b)).  Defendant was sentenced to an indeterminate prison term of 50 years to life, consecutive to a determinate six-year term.

In 2007, this court found insufficient evidence to sustain the jury's findings on two of the four prior prison term enhancements.  (*People v. Magana* (Feb. 7, 2007, H029059) [nonpub. opn.], p. 21.)  This court ordered that the trial court strike the enhancements and either "retry those enhancements" or "modify the abstract of judgment to reflect their elimination."  (*Id.* at p. 22.)

On remand, the trial court issued two new abstracts of judgment:  one for the indeterminate term and one for the determinate term.  (See Judicial Council Form CR-292 [Abstract of Judgment – Prison Commitment – Indeterminate] and Judicial Council Form CR-290.1 [Abstract of Judgment – Prison Commitment – Determinate].)  The determinate abstract reflected a four-year term, consisting of a two-year term for defendant's conviction of being a felon in possession of a firearm and consecutive one-year terms for the remaining two prior prison term enhancements.  The indeterminate abstract reflected a term of 25 years to life for the firearm use enhancement and a term of 50 years to life for the murder.  The indeterminate abstract also listed two prior prison term enhancements.  The indeterminate abstract specified that the "total term" was 50 years to life consecutive to four years, and that two "prison priors" were being dismissed.

In a letter dated August 16, 2019, the CDCR notified the trial court that the abstract of judgment "may be in error, or incomplete."  The CDCR's letter first noted that the indeterminate abstract reflected a term of 50 years to life for the murder, instead of a term of 25 years to life.  The letter also noted that two prior prison term enhancements

2

were listed on each abstract, for "a total of four" prior prison term enhancements, which conflicted with this court's prior opinion. The letter asked the trial court to determine whether "a correction is required."

After the trial court set the matter on calendar, defendant filed a brief in which he indicated that the 2007 abstracts stated the "correct total term" for both the determinate and indeterminate components of his sentence, but that the abstracts contained "error[s]."

Defendant then filed a motion for a "sentencing rehearing." Defendant described the upcoming hearing as a recall and resentencing pursuant to section 1170, subdivision (d).[2] Defendant requested that instead of simply correcting the abstract, the trial court (1) exercise its previously unavailable discretion to dismiss the firearm use enhancement pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.); and (2) dismiss the two remaining prior prison term allegations pursuant to Senate Bill No. 136 (2019-2020 Reg. Sess.), which limited prior prison term enhancements to prison terms served for sexually violent offenses.

The People filed opposition to defendant's motion for resentencing. The People asserted that section 1170, subdivision (d)(1) was not applicable because the letter from the CDCR was not an invitation to recall and resentence defendant but "merely an invitation to correct a technical error on the abstract." The People further asserted that defendant was not entitled to retroactive application of changes in the sentencing laws because his judgment was final.

In a written order filed on May 26, 2020, the trial court declined to resentence defendant. The trial court found that the CDCR's letter concerned a "technical issue in

_____

[2] In pertinent part, section 1170, subdivision (d)(1) provides: "When a defendant . . . has been sentenced to be imprisoned in the state prison . . . , the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence."

the abstract," and that no legal authority permitted a resentencing. The trial court noted that defendant could potentially seek relief by way of a "petition properly filed with the court."

On June 29, 2020, the parties filed a written stipulation in which they agreed that the trial court should issue an amended indeterminate abstract. The parties agreed that the 2007 abstracts correctly stated the total term imposed (a determinate term of 50 years to life consecutive to a determinate four-year term) and that the total term would not change. The parties stipulated that the indeterminate abstract should be modified to strike the references to the prior prison term enhancements, and to reflect that the term of 50 years to life was comprised of consecutive terms of 25 years to life for the murder and the firearm use enhancement. The trial court then issued a new indeterminate abstract consistent with the stipulation.

## II.    DISCUSSION

Defendant contends the trial court effectively recalled his sentence in response to the CDCR's letter, and that he was therefore entitled to a full resentencing hearing. The People disagree, asserting that the trial court did not recall defendant's sentence when it corrected clerical errors in the abstracts of judgment.

As noted above, under section 1170, subdivision (d)(1), a trial court may recall a sentence at any time upon the recommendation of the secretary of the CDCR and "resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." Under this provision, when the CDCR "notifies the trial court of an illegality in the sentence," the trial court is "entitled to rethink the entire sentence." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.) Thus, in *Hill*, after the CDCR notified the trial court that its original sentence was illegal because it included a fully consecutive term for a subordinate count, the trial court properly resentenced the defendant by recalculating the terms for all of the subordinate counts. (*Id*. at p. 833.)

4

Defendant contends that, as in *Hill*, his prior sentence was illegal, such that the trial court effectively was required to resentence him. Defendant asserts that at his prior resentencing in 2007, the trial court had erroneously "left in place" the punishment for all four prior prison term enhancements instead of striking two of the enhancements. Thus, defendant argues, the trial court resentenced him again in 2020 by striking those two enhancements.

Defendant's claim is not supported by the record. As noted above, the 2007 abstracts reflect that the original six-year determinate term was reduced to four years based on the dismissal of two of the four prior prison term enhancements. The 2007 determinate abstract reflected a four-year term, which included a two-year term for defendant's conviction of being a felon in possession of a firearm and two one-year terms for the remaining two prior prison term allegations. The problem with the prior prison term enhancements was a clerical error: the two prior prison term enhancements were listed on both the determinate abstract *and* the indeterminate abstract. The double listing of those enhancements by the clerk was not an illegal sentence, and thus the trial court did not need to—and indeed did not—strike the enhancements in 2020.

Defendant appears to assume that the letter from the CDCR contained a "recommendation" that defendant's sentence be recalled. (See § 1170, subd. (d)(1).) But nothing in the CDCR's letter referenced section 1170, subdivision (d)(1), and the letter did not use any form of the terms "recall" or "resentencing." Rather, the CDCR's letter specifically asked the trial court to determine whether "a correction is required."

The instant case may be contrasted with cases in which the CDCR specifically recommended a trial court resentence a defendant. For instance, in *People v. McCallum* (2020) 55 Cal.App.5th 202, the CDCR recommended the defendant's sentence be recalled and that he be resentenced "based on his violation-free conduct while in prison and his completion of nine college classes, a substance abuse program, and other counseling and self-awareness programs." (*Id.* at p. 206.) And in *People v. Arias* (2020)

5

52 Cal.App.5th 213, the CDCR "recommended recall" based on the trial court's apparent error in imposing both a criminal street gang enhancement and a great bodily injury enhancement, which was prohibited by statute. (*Id*. at p. 217 & fn. 4; see also *People v. Loper* (2015) 60 Cal.4th 1155, 1158 [CDCR "recommended that defendant's sentence be recalled"].)

Here, because the CDCR did not recommend a recall, the trial court lacked authority to recall defendant's sentence. Section 1170, subdivision (d)(1) permits the trial court to recall a state prisoner's sentence "at any time" only upon the recommendation of the CDCR secretary, the Board of Parole Hearings, or the district attorney. The trial court may recall a sentence on its own motion only "within 120 days of the date of commitment" (§ 1170, subd. (d)(1)), which had long passed by the time the trial court received the CDCR's letter. And a defendant "is not empowered to make a motion to recall" under section 1170, subdivision (d)(1). (*People v. Laue* (1982) 130 Cal.App.3d 1055, 1060.)

Our conclusion is consistent with *People v. Humphrey* (2020) 44 Cal.App.5th 371 (*Humphrey*). In that case, the defendant was sentenced to an aggregate prison term of 19 years. (*Id*. at p. 373.) Five years later, the CDCR sent a letter to the trial court, "stating that the abstract of judgment 'may be in error, or incomplete.' " (*Ibid*.) The abstract properly reflected the 19-year sentence, but "the component parts of the sentence related to each count and enhancement did not track what the court stated at the sentencing hearing." (*Id*. at pp. 374-375.) In response to the CDCR's letter, the trial court held a hearing at which it "clarified" the calculation of the sentence components, then issued an amended abstract that correctly reflected the original sentence. (*Id*. at p. 373.) A month later, the defendant filed a motion for resentencing, asking the trial court to strike a firearm enhancement under the authority of Senate Bill No. 620. (*Id*. at p. 376.) The trial court denied the motion.

6

The *Humphrey* court rejected the defendant's claim that the trial court had recalled and resentenced the defendant pursuant to section 1170, subdivision (d)(1), finding that the trial court had merely been "correcting a clerical error in the abstract of judgment." (*Humphrey*, *supra*, 44 Cal.App.5th at p. 379.) The CDCR's letter had "made no reference to the court's authority to recall the defendant's sentence under section 1170, subdivision (d)(1)" and the trial court had not mentioned section 1170, subdivision (d)(1) at the hearing. (*Humphrey*, *supra*, at p. 378.) Rather, the trial court had "specifically stated" it was correcting clerical errors in the abstract. (*Id*. at p. 379.) As the defendant's sentence had not been recalled, the trial court had properly denied the defendant's motion for resentencing. (*Id*. at p. 380.)

Here, too, the CDCR's letter "made no reference to the court's authority to recall the defendant's sentence under section 1170, subdivision (d)(1)" (*Humphrey*, *supra*, 44 Cal.App.5th at p. 378) and the trial court "specifically stated" it was correcting clerical errors in the abstract rather than recalling defendant's sentence (*id*. at p. 379). Thus, as in *Humphrey*, the trial court properly denied defendant's motion for a full resentencing hearing because defendant's sentence was not recalled pursuant to section 1170, subdivision (d)(1).

Because the trial court did not recall defendant's sentence, the court's order correcting the abstract did not affect the finality of the judgment. And because the judgment was final, the trial court could not retroactively apply Senate Bill No. 620 or Senate Bill No. 136. (See *Humphrey*, *supra*, 44 Cal.App.5th at p. 380 [because Humphrey's case had been "final for years," he was "not entitled to retroactive application" of Sen. Bill No. 620]; *People v. France* (2020) 58 Cal.App.5th 714, 719 [Sen. Bill No. 136 applies "retroactively to defendants whose cases were not yet final when the statute took effect"]; *People v. Chavez* (2018) 22 Cal.App.5th 663, 712 [Sen. Bill No. 620 applies retroactively only to "all nonfinal judgments"].)

7

We requested supplemental briefing on whether, if the trial court did not recall defendant's sentence under section 1170, subdivision (d)(1), the trial court's order denying defendant's motion for a resentencing hearing was an appealable order. The Attorney General argues that the order was not an appealable order, and defendant maintains his position that his sentence was recalled pursuant to section 1170, subdivision (d)(1).

We find instructive *People v. Chlad* (1992) 6 Cal.App.4th 1719 (*Chlad*). In *Chlad*, the defendant was sentenced to a 14-year prison term. (*Id*. at p. 1722.) More than 120 days later, the defendant filed a motion for recall and resentencing. (*Id*. at p. 1723.) The trial court initially granted the motion but later determined it had no jurisdiction to resentence the defendant under former section 1170, subdivision (d)[3] and therefore denied the motion. The defendant appealed, and the Attorney General filed a motion to dismiss the appeal, contending the order was not appealable as an "order made after judgment, affecting the substantial rights of the party" as provided in section 1237, subdivision (b).

The *Chlad* court found that the trial court "was without jurisdiction to resentence" and thus that the order denying the defendant's motion for resentencing was not an appealable order. (*Chlad*, *supra*, 6 Cal.App.4th at p. 1725.) Because the defendant had " 'no standing to make a motion for recall of sentence pursuant to [former] Penal Code section 1170, subdivision (d)' " (*Chlad*, *supra*, at p. 1725), and because the trial court "no longer had jurisdiction to recall Chlad's sentence when it issued the order denying his motion" (*id*. at p. 1726), the denial of his motion was not one that affected his substantial rights. Thus, the order was not an appealable order. (*Ibid*.; see also *People v. Dynes*

---

[3] Section 1170 was amended in 2012 to designate former section 1170, subdivision (d) as subdivision (d)(1) and to add subdivision (d)(2), which permits certain defendants who were under 18 years of age at the time of the commission of their offenses to submit a petition for recall and resentencing. (Stats. 2012, ch. 828, § 1.)

(2018) 20 Cal.App.5th 523, 528 [because trial court lacked jurisdiction to resentence defendant, order denying defendant's request for resentencing did not affect his substantial rights and was not an appealable order]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [because trial court lacked jurisdiction to rule on defendant's request to modify restitution fines, order denying that request did not affect the defendant's substantial rights and was not an appealable order].)

Here, the trial court had no jurisdiction to grant defendant's motion for a resentencing hearing pursuant to section 1170, subdivision (d)(1). Therefore, the order denying that motion did not affect defendant's substantial rights and was not an appealable order.

### III. DISPOSITION

The appeal is dismissed.

_____

Cogliati, J.[*]



WE CONCUR:




_____

Bamattre-Manoukian, Acting P.J.





_____

Grover, J.







People v. Magana
H048353

_____

[*] Judge of the Santa Cruz County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. CC324083 |
| Trial Judge: | Hon. Vanessa A. Zecher |
| Counsel for Plaintiff/Respondent:<br>The People | Xavier Becerra<br>Attorney General of California<br><br>Lance E. Winters<br>Chief Assistant Attorney General<br><br>Michael P. Farrell<br>Senior Assistant Attorney General<br><br>Darren K. Indermill<br>Supervising Deputy Attorney General<br><br>Kari Ricci Mueller<br>Deputy Attorney General |
| Counsel for Defendant/Appellant: | Under appointment by the Court of<br>Appeal<br>Steven A. Torres |

People v. Magana
H048353