Filed 4/14/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br> v.<br><br>KENNETH GRIGGS,<br><br>   Defendant and Respondent. | C101953<br><br>(Super. Ct. No. 96F09994)<br><br>ORDER MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

   It is ordered that the opinion filed in this case on March 26, 2025, be modified as follows:

1. In the first paragraph of section "I.  BACKGROUND" on page 2, modify the sentence beginning with "In particular," so that it reads in its entirety:

   In particular, Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600) amended section 1172.1 to allow a court to resentence a defendant "on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law."  (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)

1

2. Omit the citation to "*People v. Chatman* (2025) 108 Cal.App.5th 650" that follows the now modified sentence.

There is no change in the judgment.

/S/

_____

RENNER, J.


We concur:


/S/

_____

ROBIE, Acting P. J.


/S/

_____

WISEMAN, J.[1]


_____

[1] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/26/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>KENNETH GRIGGS,<br><br>      Defendant and Respondent. | C101953<br><br>(Super. Ct. No. 96F09994) |

      APPEAL from an order of the Superior Court of Sacramento County, Bunmi O. Awoniyi, Judge.  Appeal dismissed.

      Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Respondent.

      Thein Ho, District Attorney, David R. Boyd, Deputy District Attorney, for Plaintiff and Appellant.

1

In 1997, a jury found defendant Kenneth Griggs guilty of forcible rape (Pen. Code, § 261, subd. (a)(2)–count one);[2] forcible penetration with a foreign object (§ 289, subd. (a)—count two); and false imprisonment (§ 236—count four).  Defendant admitted three priors that were both strikes and serious felonies under section 667, subdivision (a).  The court imposed an aggregate sentence of 35 years to life.  The indeterminate term was 25 years to life:  25 years to life on count one; 25 years to life on count two concurrent to count one; and 25 years to life on count four stayed pursuant to section 654.  The determinate term, which is relevant to this proceeding, was a total of 10 years for two of the priors under section 667, subdivision (a).

The Sacramento County District Attorney (the District Attorney) appeals from an order of the presiding judge of the Sacramento County Superior Court recalling defendant's sentence, on her own motion, under section 1172.1 and assigning the matter for a resentencing hearing.  We conclude this order is not appealable under section 1238, subdivision (a)(5), because at this stage of the proceedings the substantial rights of the People have yet to be (and still may never be) affected.  We therefore dismiss the appeal.

## I.  BACKGROUND

Under former section 1170, subdivision (d), a sentencing court could recall a sentence within 120 days of the date of commitment on its own motion or at any time on the recommendation of the Secretary of the California Department of Corrections and Rehabilitation and resentence the defendant as if he had not previously been sentenced. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.)  In the last several years, the Legislature has expanded this resentencing authority, which is now found in section 1172.1.  (See *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 [outlining

---

[2]  Undesignated statutory references are to the Penal Code.

Legislative changes].) In particular, "Assembly Bill [No.] 600 [(2023-2024 Reg. Sess.) (Assembly Bill No. 600)] amended section 1172.1 to allow a court to now resentence a defendant 'on its own motion' when 'applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.' (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)" (*People v. Chatman* (2025) 108 Cal.App.5th 650, 657.)

In February 2024, defendant wrote to his original sentencing judge seeking resentencing under Assembly Bill No. 600.[3] Defendants are not authorized to file petitions for relief under section 1172.1. (§ 1172.1, subd. (c).) If they do, courts are not required to respond. (*Ibid.*) However, "[r]ecall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (*Id.*, subd. (a)(1).)

Defendant's original sentencing judge has retired. In March 2024, the presiding judge recalled defendant's sentence, on her own motion, based on the change that when defendant was sentenced in 1997, imposing his two 5-year priors under section 667, subdivision (a) was mandatory, but now courts have discretion to strike a five-year prior. The judge noted she was aware that the Board of Parole Hearings recently found defendant unsuitable for release on parole. The presiding judge ordered the matter assigned to a different department "for a resentencing hearing." The presiding judge appointed defendant counsel and ordered that the parties file any sentencing memoranda

---

[3] The District Attorney's substantive arguments arise out of the fact defendant did not serve the People with this correspondence.

3

at least seven days prior to the hearing.  After the District Attorney received notice of the recall order, this appeal followed.**4**

## II.  DISCUSSION

"The prosecution's right to appeal in a criminal case is strictly limited by statute.  [Citation.]  Long standing authority requires adherence to these limits even though the 'the People may thereby suffer a wrong without a remedy.' [Citation.]  The circumstances allowing a People's appeal are enumerated in section 1238." (*People v. Chacon* (2007) 40 Cal.4th 558, 564.)  "We are also mindful of the fact that the courts are precluded from so interpreting section 1238 as to expand the People's right of appeal into areas other than those clearly specified by the Legislature." (*People v. Gaines* (1980) 112 Cal.App.3d 508, 512.)

The People argue the trial court's recall order is appealable under section 1238, subdivision (a)(5), which authorizes the People to appeal from "[a]n order made after judgment, affecting the substantial rights of the people." " ' "To affect the People's substantial rights[,] an order 'must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made.' " [Citation.]' [Citations.]  [¶]  Applying this standard, our courts have generally held that section 1238, subdivision (a)(5) authorizes the People to appeal orders that affect the defendant's sentence or the timing of his or her release." (*In re Anthony* (2015) 236 Cal.App.4th 204, 211-212, fn. omitted.)  "Examples include: (1) an order erroneously granting a defendant credits against his or her prison sentence [citation]; (2) a certificate

<hr />

**4**  The order was not mailed to the correct address for the District Attorney.  Because we conclude the order at issue was not appealable, we need not address the timeliness of the appeal, which was the subject of a separate writ proceeding.  (See *People v. Superior Court (Griggs)* C101520.)

4

of rehabilitation issued to a defendant before the period of rehabilitation required by law has been completed [citation]; (3) an order granting probation [citation]; (4) an order erroneously staying sentence pursuant to section 654 [citations]; and (5) an order reducing a felony to a misdemeanor [citation]." (*People v. Benavides* (2002) 99 Cal.App.4th 100, 104, fn. omitted.) The People argue the recall order affects their substantial rights because defendant's sentence no longer exists and enforcement of the judgment is impossible. The People have identified no cases concluding a recall order itself is appealable. Moreover, the trial court's order does not merely recall the sentence; it assigns the matter for a resentencing hearing. Prior to the Legislature's recent revisions to these recall and sentencing procedures, our Supreme Court took the position that "a recall under [former] section 1170, subdivision (d), does not necessarily modify the judgment or render it invalid; a trial court may reimpose the same judgment after a recall of sentence." (*People v. Johnson* (2004) 32 Cal.4th 260, 268.) While a trial court may not always reimpose the same judgment after a recall of sentence under section 1172.1, it could here. This is because "[t]he court, in recalling and resentencing under this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) In defendant's case, there have apparently been no new changes in sentencing laws that would automatically entitle him to a reduced sentence. The People assert that all the ameliorative laws that have taken effect since 1997 will be applicable at defendant's resentencing, but do not identify any that necessarily entitle him to a reduced sentence. The basis of the presiding judge's recall order is that courts now have *discretion* to strike defendant's two 5-year priors under section 667, subdivision (a). The matter was assigned for a resentencing hearing and a briefing schedule was set. We do not yet know if the new sentencing judge will exercise their discretion and sentence defendant to

5

anything different than the original sentence.  Thus, we cannot conclude the recall order affected the People's substantial rights.

When a defendant's sentence is recalled and the defendant is resentenced anew, "[t]he resentence bec[omes] the sentence and thus the judgment" and appeal therefrom "is not from an *order* after judgment and is not permitted under section 1238, subdivision (a)(5)."  (*People v. Rivera* (1984) 157 Cal.App.3d 494, 497; accord *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1294.)  The People therefore rely on authority concluding that certain orders issued prior to resentencing in the context of different resentencing schemes are appealable.  We conclude these authorities are distinguishable because the orders at issue are not analogous.

*People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979 addressed the appealability of an initial eligibility determination under section 1170.126.  The statute " 'created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety.  (§ 1170.126.)' "  (*Martinez, supra*, at p. 984.)  The trial court's consideration of a petition for resentencing under section 1170.126 is a two-step process:  "First, the court determines whether the petitioner is eligible for resentencing.  If the petitioner is eligible, the court proceeds to the second step, and resentences the petitioner . . . unless it determines that to do so would pose 'an unreasonable risk of danger to public safety.'  (§ 1170.126, subd. (f).) (*Martinez, supra*, at p. 987.)  The *Martinez* court held that an initial eligibility determination "affects the People's substantial rights:  An initial eligibility determination affects whether the trial court will exercise resentencing discretion.  This is not an idle exercise as far as the People are concerned; where, as here, the trial court determines the

6

inmate is eligible, the burden shifts to the prosecution to establish dangerousness [citation] and, if the prosecution does not carry its burden, resentencing the inmate as a second strike offender necessarily follows (§ 1170.126, subd. (f); [citation]).  Thus, an initial finding of eligibility affects enforcement of the judgment (in which the People clearly have a substantial interest), and it affects the inmate's status with relation to the judgment already imposed."  (*Ibid*.)

*People v. Montellano* (2019) 39 Cal.App.5th 148 (*Montellano*) "disagree[d] with the *Martinez* court's conclusion that [an initial eligibility] determination [under section 1170.126] necessarily alters the judgment or a defendant's relationship to it."  (*Id*. at p. 155.)  Rather, the *Montellano* court explained an initial eligibility determination is *not* appealable:  "Only if the trial court determines a defendant is suitable for resentencing, is a defendant entitled to a second strike sentence and a modification to the judgment necessarily occurs.  Therefore, it is only at that point in the process—when the length of the defendant's third strike sentence is directly and immediately impacted—that the People's substantial rights are affected under section 1238, subdivision (a)(5) and the District Attorney is empowered to appeal."  (*Id.* at pp. 156-157.)

Whether *Martinez* or *Montellano* is correct about the appealability of an initial eligibility determination under section 1170.126, neither case suggests the order at issue here is appealable.  The recall order in this case has an even more indirect role in determining defendant's sentence than an initial eligibility determination under section 1170.126 because it did not shift any burdens.  The recall order merely permits the hearing at which the sentencing court will ultimately decide whether defendant's sentence will change; it does not affect the exercise of the court's discretion.  (Cf. *People v. Laue* (1982) 130 Cal.App.3d 1055, 1062 ["the resentencing of the defendant here rested upon evidence received at the resentencing hearing and the initiation of the procedure to recall

7

the commitment constituted but an incidental, preliminary stage which did not directly and materially affect the prosecution's right"].)

*People v. Hampton* (2022) 74 Cal.App.5th 1092, in which a different panel of this court concluded that a trial court order granting a petition for resentencing under former section 1170.95 was appealable, is also distinguishable. (*Hampton, supra*, at p. 1100.) The statute at issue permitted individuals who had been convicted of murder under a now invalid theory to petition to have their murder conviction vacated and to be resentenced on any remaining counts. (*Id*. at p. 1099.) This court explained that the order granting the petition determined whether the trial court would exercise its powers to recall the previous judgement and resentence defendant, and "[u]ltimately, the order resulted in a substantial modification of the original judgment." (*Id*. at p. 1101.) Here, the recall order did not determine whether defendant will receive a different sentence. That remains to be seen.

The People have failed to persuade us that the court's recall order is one that affects their substantial rights.[5]

## III. DISPOSITION

The appeal is dismissed.

/S/

_____

RENNER, J.

---

[5] Potentially embedded in the People's appealability argument is an assertion that they lacked notice or an opportunity to be heard. They cite no authority that supports the conclusion that the order can be deemed appealable on the basis of these assertions. As such, we need not address them.

We concur:

/S/

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ROBIE, Acting P. J.

/S/

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
WISEMAN, J.*

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.